IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LARRY COUNCIL                                                                         PLAINTIFF

V.                                                        CIVIL ACTION NO. 1:18-CV-234-SA-DAS

JOSEPH PURCELL, and
CINCINNATI INSURANCE COMPANY                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

Larry Council filed this action on November 5, 2018 in the Circuit Court of Lowndes County asserting claims under Mississippi law against Joseph Purcell and Cincinnati Insurance Company. Cincinnati Insurance Company removed the case to this Court on December 14, 2018 and premises federal jurisdiction on the basis of diversity of citizenship. At the time of removal, Defendant Joseph Purcell had not been served with process. Now before the Court is Cincinnati Insurance Company's Motion [25] to Dismiss or, in the alternative, to Sever and Remand.

*Background and Procedural History*

On February 4, 2017, the Plaintiff was stopped at the intersection of MS-69 and New Hope Road in Columbus, Mississippi. At the same time, Joseph Purcell was traveling northbound on MS-69 and collided with the Plaintiff's stopped vehicle as he approached the intersection of New Hope Road. The Plaintiff suffered injuries to his back, right shoulder, upper right extremity, left shoulder, and upper left extremity. Following the accident, the Plaintiff filed a claim for worker's compensation benefits for injuries he allegedly sustained from the vehicle accident against his employer and Cincinnati Insurance Company, his employer's worker's compensation carrier. The Plaintiff reached an agreement to resolve his worker's compensation claim, and the Mississippi Workers' Compensation Commission approved the claim in February 2018. The Plaintiff executed a Release agreement as part of the worker's compensation settlement.

The Plaintiff later filed this case in which he asserts state law negligence claims against Purcell, arguing that Purcell's negligence was the direct or proximate cause of the accident causing the Plaintiff's injuries. The Plaintiff asserts state law breach of contract claims, breach of implied duties of good faith and fair dealing, and bad faith denial of uninsured motorist benefits against Cincinnati Insurance Company. Finally, the Plaintiff asserts state law negligent infliction of emotional distress claims against both Defendants.

In its Notice of Removal [1] filed on December 14, 2018 Cincinnati Insurance Company alleged that the Defendant Joseph Purcell was improperly joined in this action for the purposes of defeating diversity. On May 1, 2019, with no motion to sever or dismiss filed, the Court ordered the Defendant Cincinnati Insurance Company to show cause as to why this matter should not be dismissed due to the absence of diversity under 28 U.S.C. § 1332. *See* Order to Show Cause [23]. On May 15, 2019, the Defendant Cincinnati Insurance Company filed a Response [27] to the Order to Show Cause [23] and the instant Motion [25] to Sever and Remand. The Plaintiff did not file a response, and the time to do so has passed.

*Improper Joinder Standard*

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal quotations and alteration omitted)). The applicable test for the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that

the plaintiff might be able to recover against an in-state defendant." *Davidson*, 819 F.3d at 765 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

"The burden of persuasion on those who claim [improper] joinder is a heavy one." *Davidson*, 819 F.3d at 765 (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). With that in mind, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolves "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Davidson*, 819 F.3d at 765. It "is insufficient that there be a mere theoretical possibility of recovery; to the contrary, there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d 691, 692–93 (N.D. Miss. 2004) (citing *Travis*, 326 F.3d at 648; *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 386 (5th Cir. 2000) (internal quotations omitted)). The Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Davidson*, 819 F.3d at 765 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649)).

*Remand and Sever*

The Defendant Cincinnati Insurance Company argues that the Defendant Purcell has been fraudulently misjoined and requests that the Plaintiff's claims against the Defendants be severed and the Plaintiff's claim against Purcell be remanded to state court for lack of diversity. Cincinnati relies on *Hegwood v. Williamson* in which the Mississippi Supreme Court found that breach of contract claims against insurers and negligence claims against drivers, although they arise from the same accident, contain different legal and factual issues and thus should be severed. *Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007).

Cincinnati further argues that this case is distinguishable from *Boddie v. Walker*. In *Boddie*, the Court denied the Defendant State Farm's Motion to Sever and Remand because the factual and legal issues concerning both defendants related to the issues of the car accident. *Boddie v. Walker*, 312 F.Supp. 3d 541 (N.D. Miss. 2018). The Court explained that it was stepping away from case precedent in order to avoid the fate of similar cases. *Id*. For example, the Court in *Cartwright* remanded the case, relying on the Defendant State Farm's argument that the plaintiff in the case would be required to present different proof in its claim against the driver than would be presented in its claim against State Farm. *Cartwright v .State Farm Mutual Automobile Insurance Co.*, 2014 WL 6959045 (N.D. Miss. 2014). Specifically, in that case, State Farm argued that the Plaintiff's claim against the driver focused on legal issues of negligence whereas the Plaintiff's claim against State Farm concerned contractual issues regarding the insurance policy. *Id*. However, the opposite proved to be true at trial as the case against State Farm centered around whether the driver was negligent in causing the car wreck. *Id*.

Cincinnati argues that in the present case the Court should follow *Hegwood* and not *Boddie* because the Plaintiff's claims against Cincinnati and Purcell truly are separate claims that require different proof. Namely, the Plaintiff's claim against Purcell will focus on the legal and factual issues surrounding the car accident itself. On the other hand, Cincinnati's defense against the Plaintiff focuses on the factual and legal issues surrounding a Release agreement the Plaintiff executed in February 2018, and Cincinnati's argument that the Plaintiff previously adjudicated his claims against Cincinnati before the Mississippi Workers' Compensation Commission in February 2018. The Plaintiff has not responded to Cincinnati's Motion [25], and the time to do so has passed.

In this Case, the Court agrees that the claims will require different proof. First, the claim against Purcell requires proof of negligence, particularly evidence that proves whether Purcell was

negligent in causing the accident. Second, the claim against Cincinnati requires proof of whether signing a release agreement prevents the Plaintiff from filing any claims against Cincinnati. Based on this information, the Court finds that Cincinnati has met its "heavy burden" of persuasion as to improper joinder, Purcell was improperly joined, the parties are not diverse, and remand to the Circuit Court is appropriate. *See Davidson*, 819 F.3d at 765 (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).

*Dismissal of Remaining Cincinnati Claim*

Cincinnati additionally requests dismissal of this case on the grounds that the Plaintiff resolved all potential claims against Cincinnati in a previous settlement agreement. The Mississippi Supreme Court has held that it generally favors settlements and will enforce such agreements so long as they are not based on fraud, overreaching, or mistake. *Chantey Music Publishing, Inc. v. Malaco, Inc.*, 915 So. 2d 1052, 1055 (Miss. 2005) (citing *Hastings v. Guillot*, 825 So. 2d 20, 24 (Miss. 2002)). Generally, settlement agreements are enforced according to state contract law. *Smith v. Northern Ins. Co. of New York*, 2014 WL 6680611 at 2 (S.D. Miss. 2014) (citing *Lee v. Hunt*, 631 F. 2d 1171, 1173-74 (5th Cir. 1980)). The Mississippi Supreme Court applies the following three-tiered approach in determining whether a settlement agreement should be enforced in a trial proceeding:

> First, the "four corners" test is applied, wherein the reviewing court looks to the language that the parties used in expressing their agreement. Second, if the court is unable to translate a clear understanding of the parties' intent, the court should apply the discretionary canons of contract constructions. Finally, if the contract continues to evade clarity as to the parties' intent, the court should consider extrinsic or parol evidence. It is only when the review of a contract reaches this point that prior negotiations, agreements and conversations might be considered in determining the parties' intentions in the constructions of the contract.

*Brewer v. Liberty Mutual Ins. Co.*, 2015 WL 3620468 at *2, (S.D. Miss. 2015) (quoting *Tupelo Redevelopment Agency v. Abernathy*, 913 So. 2d 278, 284 (Miss. 2005)).

Here, Cincinnati seeks dismissal based on the Plaintiff's release in which the Plaintiff agreed to "release and finally discharge… The Cincinnati Insurance Company, Carrier, … from any and all claims of every kind and character arising out of or in any way connected with my claims for or arising out of the handling of my claims for injuries allegedly sustained by me on or about February 4, 2017 in an accident… ." [Ex. C at 1].

As noted above, the Plaintiff has filed no response. The language within the "four corners" of the Settlement Agreement clearly indicates that the claims which the Plaintiff now seeks to bring against Cincinnati are barred by the agreement. As a result, the Plaintiff's claims against Cincinnati Insurance Company are dismissed with prejudice.

*Conclusion*

For the reasons discussed above, the Defendant Cincinnati Insurance Company's Motion to Sever and Remand [25] is GRANTED, and the Plaintiff's claims against the Defendant Purcell are severed and remanded to the Circuit Court of Lowndes County, Mississippi. The Clerk of Court shall take all necessary steps required to accomplish this REMAND. The Plaintiff's remaining claim against the Defendant Cincinnati Insurance Company is DISMISSED *with prejudice*.

It is SO ORDERED on this 22nd day of November, 2019.


/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

6